IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENDA JOHNSON,

        Plaintiff,

vs.                                         No. CIV 96-0760 JP/JHG

WAL-MART STORES, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The subject of this Memorandum Opinion and Order is plaintiff Brenda Johnson's "Motion to Amend Judgment," (Doc. No. 51) filed June 18, 1997.  After thoroughly considering the pleadings, law, and facts I conclude that the motion should be granted in part and denied in part.

Background

Ms. Johnson sued defendant Wal-Mart Stores, Inc. alleging that injuries she sustained when she slipped and fell in a Wal-Mart store were proximately caused by Wal-Mart's negligence.  Ms. Johnson claimed that she slipped on an Icee drink that had been spilled on the floor. On May 16, 1997, at the conclusion of trial, the jury returned a special verdict finding Wal-Mart 100% at fault and awarding Ms. Johnson $407,603.29 in damages.

Ms. Johnson's Motion to Amend the Judgment

Ms. Johnson seeks to amend the judgment to include pre- and post- judgment interest.  I will amend the judgment to award Ms. Johnson post-judgment interest but will deny her motion for pre-judgment interest.

Under 28 U.S.C. § 1961, Ms. Johnson is entitled to post-judgment interest at the rate of

6.06%, the equivalent coupon issue yield of United States Treasury bills with an auction date of April 24, 1997, from May 16, 1997, the date of entry of judgment.

As for pre-judgment interest, the parties agree that New Mexico Statutes Annotated § 56-8-4(B) applies.  That section provides:

> The court in its discretion may allow interest of up to ten percent from the date the complaint is served upon the defendant after considering among other things: (1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claim; and (2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff.

Wal-Mart does not contend that Ms. Johnson was the cause of an unreasonable delay in the adjudication of her claims but argues that she is not entitled to prejudgment interest because Wal-Mart made a reasonable and timely offer of settlement.

By Order entered February 12, 1998, I directed counsel to submit a joint letter describing the history of settlement efforts in this case.  The settlement history can be summarized as follows: Prior to filing suit in this action, Ms. Johnson made a settlement demand of $75,000.  In response, Wal-Mart offered $30,000 in settlement.  Ms. Johnson served Wal-Mart with the complaint on May 2, 1996 and on May 22, 1996 withdrew her $75,000 settlement demand.  In response, Wal-Mart withdrew its $30,000 settlement offer at the end of May, 1996.  No further settlement discussions occurred.

At a settlement conference held before United States Magistrate Judge Joe H. Galvan on December 20, 1996, counsel for each party informed Judge Galvan that there were no pending settlement offers or demands.  Counsel for Ms. Johnson did not make any settlement demands at the settlement conference.  Counsel for Wal-Mart told Judge Galvan that Wal-Mart would not be making any new settlement offers and would be taking the case to trial because Wal-Mart believed that Ms.

Johnson did not have a strong case due to perceived conflicts in various deposition testimony.

In light of these facts, awarding pre-judgement interest would not be appropriate. Wal-Mart's pre-lawsuit offer of $30,000 appears to have been reasonable at the time it was made in response to Ms. Johnson's demand of $75,000. Furthermore, the offer was timely, having been presented before Ms. Johnson filed suit and having been kept open until after Ms. Johnson withdrew her only settlement demand and refused to make another. This satisfied Wal-Mart's obligation under section 56-8-4(B) at that point. After Wal-Mart withdrew its offer, following Ms. Johnson's withdrawal of her demand, Ms. Johnson did not make any further settlement demands, even though Judge Galvan held a settlement conference at which a plaintiff participating in good faith would be expected to tell the presiding judge what amount plaintiff would take to resolve the lawsuit plaintiff had filed. Wal-Mart also had an obligation to proceed in good faith at the settlement conference, but seems not to have done so. Under these circumstances, an award of pre-judgment interest under section 56-8-4(B) would be improper.

IT IS THEREFORE ORDERED that:

1. Ms. Johnson's motion for pre-judgment interest is DENIED; and

2. Ms. Johnson's motion for post-judgment interest is GRANTED and the judgment will be amended under 28 U.S.C. § 1961 to award interest at the rate of 6.06% on the judgment amount from May 16, 1997.

_____
UNITED STATES DISTRICT JUDGE

3